

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN C. HARRIS )
        Plaintiff, )
)
)
v. )   Civil Action No. 1:10-cv-833
)
RAY MAYBUS, Secretary of the Navy, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter comes before the court on defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6) (Dkt. No. 5). Following oral argument, the matter was taken under advisement. The Court reserved ruling pending the parties' attending a settlement conference with the United States Magistrate Judge. The parties having been unable to resolve the matter at settlement, the Court now issues this Memorandum Opinion and accompanying Order GRANTING Defendant's motion to dismiss.

   I.    Background

This case arises out of the promotion history of Lt. Col. John Harris, retired from the United States Marine Corps. Harris was considered for the rank of colonel but was not selected, and now brings this suit to challenge the process by which his application for promotion was considered and his subsequent effort to seek retrospective review of the promotion decision. The Secretary of the Navy ("Secretary") has the authority to convene promotion selection boards to recommend officers for promotion. 10 U.S.C. § 611. If a person was considered by a promotion board in an

unfair manner and denied promotion, a special selection board ("SSB") can be convened to determine whether that person should be retrospectively recommended for promotion. *Id.* § 628(b)(1). The decision not to convene an SSB is subject to judicial review by a court of the United States. *Id.* § 628(g). A reviewing court may set aside the Secretary's determination only if the court finds the determination to be (i) arbitrary or capricious; (ii) not based on substantial evidence; (iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to law. *Id.*

SSB procedures are governed by statute and implementing Naval regulations. An officer may request an SSB by applying with the Chief of Naval Operations or the Board for Correction of Naval Records ("BCNR"), but must do so within a set time limit. In 2001, Congress amended the statute governing SSB procedures, authorizing the Secretary of each military department to "prescribe regulations to carry out this section," including the circumstances under which consideration for an SSB may be provided for, and "[a]ny time limits applicable to the filing of an application for [an SSB]." 10 U.S.C. § 628(j)(1)-(2), *as amended.* The legislation specifically states that the amendments shall apply to proceedings "pending on or after the date of the enactment of this Act without regard to whether a challenge to an action of a selection board of any of the Armed Forces being considered in the proceeding was initiated before, on, or after that date." *See* National Defense Authorization Act for FY 2002, Pub. L. No. 107-107, § 503(c), 115 Stat. 1012 (2001). *See also Paylor v. Winter*, 600 F.Supp.2d 117 (D.D.C. 2009).

Through these amendments, Congress authorized the Secretaries to engage in rulemaking that might affect claims from events or conduct arising before any time limits were put in place. The Secretary of the Navy chose to do so, imposing a three year time limit on all SSB requests. This change was first effected through a Navy Advisory Opinion, ALNAV Message 050/03

released in 2003, amending Instruction 1401.1B and imposing a three-year limit after which SSB applications were to be denied as untimely. The time limit was included in updated Naval personnel policy through Instruction 1420.1B in 2006, stating:

> All applications for [SSBs] must be received no later than three years after the date the contested board results were made public. Applications received more than three years after the date the contested board results were made public will be treated as untimely and will be denied by the Chief Naval Officer ... This authority may be delegated.
> Instruction 1420.1B(5)(f). Def. Ex. A.

Applications submitted to the BCNR must be referred to the Chief of Naval Operations for comments and recommendations, and questions of law or mixed questions of law and fact must be referred to the Navy's Office of Judge Advocate General ("JAG"). *See* Instruction 1420.1B(24)(e)(2), (n)(2). If the BCNR concludes that an SSB is warranted after receiving these comments and recommendations, the BCNR refers the case to the Secretary for a final determination. *See* Instruction 1420.1B(e)(2). If an SSB is to be convened, the Chief of Naval Operations prepares a "sampling" of records of other officers who were considered for promotion by the promotion selection board to enable a comparison to the requesting officer's relative credentials. *See* Instruction 1420.1B(24)(f), (i)(2).

In this case, Plaintiff John C. Harris petitions for judicial review of a decision by the BCNR not to convene an SSB for the years 1997-1998 when Harris claims he was unfairly discriminated against in promotion decisions. Harris, a Caucasian male, entered active duty in the U.S. Marine Corps in 1977. He was promoted to the rank of lieutenant colonel in 1991. In 1997 and 1998, he was considered but not selected for the rank of colonel. In 2006 Harris learned that the 1997 and 1998 promotion boards had been instructed to consider race and gender and he believes gave unfair advantage to female and minority service members.

In 2007, approximately ten years after the contested decisions were reached and made public in March 1996, Harris filed an application with the BCNR requesting that an SSB be convened to review his promotion decisions. The application was untimely, as the three-year time limitation expired in 1999 (three years from the date the decisions were made public in March 1996). Harris sought to have an SSB convened by properly filing an application through the administrative process described above. He requested a waiver of the three-year time limit because he did not and could not have known that the promotion decisions considered race and gender.

Harris' application went through the stages of review within the military system. The Marine Corps provided an advisory opinion recommending against Harris' application for an SSB, based on the fact that the application was filed four years after the three-year filing period was announced. Notwithstanding that opinion, the BCNR voted to grant relief and the application was forwarded to the Assistant Secretary of the Navy for review. The Office of the Judge Advocate General ("OJAG") was asked for another advisory opinion, which also opined that the application should be denied as untimely. The case was recommended to the Secretary of the Navy for action in accordance with 32 C.F.R. §723.7 (e). The Secretary subsequently denied the plaintiff's application as untimely.

## II. Legal Standard

The applicable standard for review of the Secretary's decision to deny a request for an SSB is found in 10 U.S.C. § 628(g). The Court may set aside the Secretary's decision only if the Court finds the decision to be: (i) arbitrary or capricious; (ii) not based on substantial evidence; (iii) a result of material error of fact or material administrative error; or (iv) otherwise contrary to

law. 10 U.S.C. § 628(g)(1)(A). The Court applies this standard in an "'unusually deferential'" manner because it relates to the personnel decisions of the military. *Paylor v. Winter*, 600 F.Supp.2d 117, 123 -124 (D.D.C.,2009), citing *Miller v. Dep't of Navy*, 476 F.3d 936, 938 (D.C.Cir.2007)(internal citations omitted). *See also Rotenberg v. Secretary of Air Force*, 73 F.Supp.2d 631, 636 )(E.D.Va., 1999).

Critically, 10 U.S.C. § 628(h) strictly limits judicial review and relief to the circumstances delineated in subsection (g), and prohibits further relief unless the Secretary has determined that an SSB is warranted:

> (h) Limitations of other jurisdiction.--No official or court of the United States may, with respect to a claim based to any extent on the failure of a person to be selected for promotion by a promotion board--
> (1) consider the claim unless the person has first been referred by the Secretary concerned to a special selection board convened under this section and acted upon by that board and the report of the board has been approved by the President; or
> (2) except as provided in subsection (g), grant any relief on the claim unless the person has been selected for promotion by a special selection board convened under this section to consider the person for recommendation for promotion and the report of the board has been approved by the President. 10 U.S.C. § 628(h).

### III. Discussion

The Court dismisses this matter for lack of subject matter jurisdiction and failure to state a claim, noting that the exclusive judicial remedy for grievances over military promotions is found in 10 U.S.C. § 628.

Before this Court, Plaintiff argues his case as one for a correction of military records pursuant to 10 U.S.C. § 1552, arguing that the decision regarding whether or not to convene an SSB is itself a military record (Dkt. No. 12 at 10). Section 1552 states that "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C.A. §

1552(a)(1). With regard to the timing of corrections, Section 1552 further indicates that "(b) No correction may be made under subsection (a)(1) unless the claimant or his heir or legal representative files a request for the correction within three years after he discovers the error or injustice. However, a board established under subsection (a)(1) may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice." 10 U.S.C.A. § 1552(b). The Court does not accept the Plaintiff's conclusory statement that the granting of an SSB is a record correction. Section 1552 leaves the correction of such records to the discretion of the Secretaries of the military, as they "may" make such a correction "when the Secretary considers it necessary." As 10 U.S.C. § 628(g) and (h) explicitly govern SSB requests and the discretionary nature of the decision about whether or not to grant such a request, the Court has no jurisdiction to consider this case under any other standard.

The Court rejects Harris' claim that his SSB request should be considered because the applicable rules were not properly issued. Plaintiff argues that the Navy's "purported enactment of the retroactive time limit did not comply with the applicable Navy regulation and expired by operation of law after 90 days." (Plaintiff's Memorandum, Dkt. No. 11-1 and 12, at 7). Harris claims that he was therefore not properly on notice of the time limit change. For the reasons explained above, this Court finds no error in the implementation and publication of the Naval regulations affecting Harris' potential claims.

The Secretary's decision denying the Plaintiff's request for an SSB as untimely is entitled to deference, and was not arbitrary and capricious or otherwise contrary to law. For the reasons explained above, the Court applies a deferential standard of review to the personnel decisions of the Secretary. Plaintiff's attempt to characterize the determination as arbitrary and capricious,

because his request was resolved differently than a purportedly similar case where an SSB was granted, is rejected.

For the foregoing reasons, the matter is DISMISSED WITH PREJUDICE.

September 6, 2011
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge